UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN BURKE,

                Plaintiff,

- against-

VERIZON COMMUNICATIONS, INC.;
HOUSING & SERVICES, INC.;
KENMORE HOUSING DEVELOPMENT
FUND CORPORATION; KENMORE
HOUSING CORPORATION; KENMORE
ASSOCIATES, L.P.; NEW YORK CITY
TRANSIT AUTHORITY; NEW YORK
CITY HEALTH & HOSPITALS
CORPORATION (BELLEVUE); NEW
YORK CITY POLICE DEPARTMENT;
NEW YORK CITY FIRE DEPARTMENT;
RYAN CAMIRE L.C.S.W.; CITY
UNIVERSITY OF NEW YORK;
TRANSPORT WORKERS UNION
LOCAL 100; MADELINE O'BRIEN;
JOHN/JANE DOE; DERICK
ECHEVARRIA; JOHNSON CONTROLS,
INC.; THE CITY OF NEW YORK; AND
THE ATTORNEY GENERAL OF NEW
YORK,
                Defendants.

**ORDER**

18 Civ. 4496 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

         Pro se Plaintiff Brian Burke has asserted numerous claims against more than a dozen defendants, including the Attorney General of the State of New York and the City University of New York ("CUNY") (collectively the "State Defendants"). (Am. Cmplt. (Dkt. No. 38)) On May 21, 2020, the State Defendants moved to dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (See Dkt. No. 136) On June 10, 2020, this Court referred the State Defendants' motion to Magistrate Judge Gabriel W.

Gorenstein for a Report and Recommendation ("R&R").  (Dkt. No. 139)  On August 17, 2020, Judge Gorenstein issued an R&R recommending that the State Defendants' motion to dismiss be granted.  (R&R (Dkt. No. 142))  Plaintiff has filed objections to the R&R.  (Obj. (Dkt. No. 143))  For the reasons stated below, Plaintiff's objections will be overruled, and the R&R will be adopted in its entirety.

## BACKGROUND

I.   FACTS

Plaintiff worked for the New York City Transit Authority for seventeen years as a train operator.  (Am. Cmplt. (Dkt. No. 38) at 3)[1]  He has lived at 145 East 23rd Street, Apartment 4R, in Manhattan since December 7, 1989.  (Id. at ¶ 1)  Most of the Amended Complaint's numerous allegations relate to (1) Plaintiff's claims that he was "deprive[d] . . . of his lawful Civil Service job" (id. ¶ 33); and (2) allegedly improper efforts to evict him from his apartment.  (Id. ¶ 34).

Plaintiff alleges that Defendants Verizon Communications, Inc. ("Verizon"), Housing & Services, Inc., Kenmore Housing Development Fund Corporation, Kenmore Housing Corporation, and Kenmore Associates, L.P. "are the putative owners" of his apartment building.  (Id. at 5)  Regarding his apartment, Plaintiff alleges that the "Federal Government necessarily assumed control/title" in 1994 "due to criminal activity/hazardous conditions known/initiated" by the drug trafficker Tuong Dinh Tran.  (Id. ¶¶ 2-3)  Plaintiff further alleges that instead of allowing "the existing tenants to purchase their apartment[s]," the Federal Government secretly and illegally "transfer[ed] subject property to the wealthiest Corporation in New York, Verizon."  (Id. ¶ 5)  "Verizon paid nothing for the property," and although it "allegedly put in 8 figures for a

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

Major Capital Improvement," that money was "mostly stolen by H&S, Inc. principles [sic] (including convicted Drug Trafficker Larry Oaks)."  (Id.)

Plaintiff alleges various misdeeds by Verizon, including retaliation against Plaintiff "via [its] employee of sub-agent H&S, I Francesca Rossi L.C.S.W., [who] ordered/instructed Bellevue Hospital Mobile Crisis Unit to perform witting, intentional Defamation/Defamation per se/Medical Malpractice (which was done) and attempted to have Plaintiff removed from home without court order, cause, probable cause (in a corrupt misuse/attempted malpractice/maladaptation of NYS Mental Hygiene Law/Practice)."  (Id. ¶ 8 (citation omitted))

The Amended Complaint alleges violations under:

> 42 U.S. Code § 1983, Federal R.I.C.O. and New York Penal Code Article 460, et seq., Defamation, Defamation per se, (intentional/negligent) Medical Malpractice, Fraud, Theft, Tortious Inference with Prospective Economic Advantage, Assault, Federal, NY State, NYC False Claims Act(s), New York City/State Human Rights Law(s), Retaliatory Termination and Retaliatory Attempted Eviction, NY State Civil Service Law, HIPAA, Americans with Disabilities Act, ongoing NYCTA/TWU Local 100 Employment Contract Violations, and/or Conspiracy to Commit same, etc., but not limited to.

(Am. Cmplt. (Dkt. No. 38) at 3)

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his August 17, 2020 R&R, Judge Gorenstein recommends that the Amended Complaint be dismissed as against (1) the New York Attorney General, for failure to state a claim; and (2) CUNY, for lack of subject matter jurisdiction.  Judge Gorenstein further recommends that Plaintiff's request to file a second amended complaint be denied.  (R&R (Dkt. No. 142) at 9-10, 15)

3

A.     **Claims Against the New York Attorney General**

The State Defendants first argue that the Attorney General is not a necessary or proper party, and that Plaintiff's claims against the Attorney General should be dismissed for failure to state a claim. (State Def. Br. (Dkt. No. 137) at 6, 11)

The Amended Complaint makes only one reference to the Attorney General, which is as follows: "The NYS Attorney General was added as a required party in order to challenge New York State Labor Law 190 as unconstitutional under the Equal Protection Clause of the 14th Amendment, Due Process Clause(s) and the Taking Clause of the Fifth Amendment . . . . Thus, again, the Attorney General is a required party to a constitutional challenge to a (NYS) Statute." (Am. Cmplt. (Dkt. No. 38) ¶ 33)

Judge Gorenstein construes this language as a constitutional challenge to Section 190 of the New York Labor Law ("NYLL"), premised on Plaintiff's belief that the NYLL precludes certain wage claims against the New York City Transit Authority, Plaintiff's former employer. (R&R (Dkt. No. 142) at 6) Judge Gorenstein explains that Plaintiff's claim is flawed in multiple respects: (1) NYLL Section 190 is a definitional statute, and does not address enforcement; (2) NYLL §§ 196(1)(a) and (c) grant enforcement authority to the New York State Commissioner of Labor; and (3) the New York Attorney General "is not a required party to an action challenging the constitutionality of a New York law for which the [Attorney General] has no particularized enforcement power."[2] (Id. at 6-7 (citing case law)) Judge Gorenstein also

---

[2] Plaintiff also cites 28 U.S.C. § 2403(b), which provides as follows: "In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene . . . for argument on the question of constitutionality. . . ." (See Pltf. Opp. (Dkt. No. 138) at 4 (citing 28 U.S.C. § 2403(b)))) As Judge Gorenstein points out, however, it is the Attorney General's decision whether to intervene pursuant to this statute.

4

points out that the Amended Complaint contains no "factual allegations against the NY AG whatsoever[.]"  (Id. at 8)

For all of these reasons, Judge Gorenstein recommends that Plaintiff's claims against the Attorney General should be dismissed for failure to state a claim.  (Id. at 6-9)

### B.   Claims Against CUNY

The State Defendants contend that Plaintiff's claims against CUNY must be dismissed because (1) he fails to state a claim against CUNY; (2) they are barred by the Eleventh Amendment and the New York Education Law; and (3) Plaintiff lacks standing to sue CUNY.  (State Def. Br. (Dkt. No. 137) at 6, 12-15)

The Amended Complaint's sole reference to CUNY is as follows:

> CUNY was made a party because Mr. Camire works there, presumably committing his specialty of Medical Malpractice/Defamation (for 'friends only?) on innocent CUNY Students, also Petitioner believes the subject building should be used and owned jointly by tenants (under Article 11) and CUNY/Baruch as faculty/graduate/married housing (there are two other dorms, for NYU and SVA, on the block).

(Am. Cmplt. (Dkt. No. 38) ¶ 33))

Judge Gorenstein concludes that this Court does not have subject matter jurisdiction – because Plaintiff lacks standing to assert his claims against CUNY – and does not reach the State Defendants' remaining arguments for dismissal.  (R&R (Dkt. No. 142) at 10)

---

(See R&R (Dkt. No. 142) at 7-8; id. at 8 (citing Wallach v. Lieberman, 366 F.2d 254, 257 (2d Cir. 1966); Am. Trucking Ass'n, Inc., 795 F.3d 351, 359 (2d Cir. 2015)))  Given these circumstances, Judge Gorenstein concludes that this statute does not make the Attorney General a necessary or required party.  (Id. at 7-8)  Judge Gorenstein further notes that the Attorney General's motion to dismiss demonstrates that she does not wish to be part of this action.  (Id. at 8; see also id. at 7 n.5 (citing N.Y. C.P.L.R. § 1012(b), which reads:  "When the constitutionality of a statute of the state, or a rule and regulation adopted pursuant thereto is involved in an action to which the state is not a party, the attorney-general, shall be notified and permitted to intervene in support of its constitutionality."))

Construing Plaintiff's allegations against CUNY liberally, Judge Gorenstein finds that Plaintiff appears to assert "that a CUNY employee committed torts against 'innocent CUNY students.'" (id. at 9 (quoting Am. Cmplt. (Dkt. No. 38) ¶ 33))  Because Plaintiff has not alleged a harm against himself, he lacks standing to assert his claims against CUNY, and these claims must be dismissed for lack of subject matter jurisdiction. (Id. at 9-10 (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982)); see also Valley Forge Christian Coll., 454 U.S. at 474 ("'plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties'" (citation omitted)))[3]

### C. Plaintiff's Request for Leave to Amend

In his opposition to the State Defendants' motion to dismiss, Plaintiff seeks leave to file a second amended complaint.  Plaintiff contends that he was not able to address – in the Amended Complaint – the issues raised in the State Defendants' motion to dismiss, because the motion was filed after the Amended Complaint.  (Pltf. Opp. (Dkt. No. 138) at 8-11, 13-16)

As Judge Gorenstein notes, Plaintiff "has already filed an amended complaint," and Federal Rule of Civil Procedure 15(a)(1) "does not permit him to amend his complaint as of right" at this point.  (R&R (Dkt. No. 142) at 10)  Rather, "he may only do so 'with consent of the opposing parties or with leave of the court.'"  (Id. (quoting Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 197 (S.D.N.Y. 2014) (citation omitted)))

Plaintiff asserts that he was "denied" his "as of right amendment," "due to the untimeliness of the [State Defendants'] [motions to dismiss]."  (Pltf. Opp. (Dkt. No. 138) at 14)

---

[3] Judge Gorenstein also notes that Defendant Camire "has already been dismissed from this action," and that the allegations against Camire relate to his work at Bellevue Hospital and not at CUNY.  (R&R (Dkt. No 142) at 9-10; see also Am. Cmplt. (Dkt. No. 38) ¶¶ 9-31; see also Dkt. Nos. 107, 109)

In rejecting Plaintiff's argument, Judge Gorenstein notes that (1) "the [Attorney General] was added as a party to this action only when [Plaintiff] filed the [Amended Complaint], and thus obviously could not have made arguments for dismissal of claims before the [Amended Complaint] was filed"; and (2) Plaintiff "chose to amend his complaint as of right prior to the filing of responsive pleadings by [CUNY]."  (R&R (Dkt. No. 142) at 10)  As a result, Plaintiff's request to amend is governed by Federal Rule of Civil Procedure Rule 15(a)(2), which requires either consent or leave of court.  (Id. at 11 (citing Fed. R. Civ. P. 15(a)(2)))

Plaintiff seeks to amend the Amended Complaint to add two new defendants: counsel for the New York City Transit Authority and an investigator for the MTA Inspector General.  (Pltf. Opp. (Dkt. No. 138) at 9-10)  Judge Gorenstein notes that "[t]here are no allegations that either of these individuals is employed by, or otherwise associated with, either the [Attorney General] or CUNY, . . . and thus [Plaintiff] should not be granted leave to cure his claims against the [Attorney General] or CUNY by adding these defendants."  (R&R (Dkt. No. 142) at 11-12)

Plaintiff also seeks to add allegations stating that the Attorney General has enforced laws against wage theft.  (Pltf. Opp. (Dkt. No. 138) at 14-15)  Judge Gorenstein construes Plaintiff's request as a response to the State Defendants' argument that the Attorney General is not a necessary or proper party, because she lacks particularized enforcement power over NYLL Section 190, which Plaintiff asserts is unconstitutional.  (R&R (Dkt. No. 142) at 11-12)  Judge Gorenstein finds that Plaintiff's proposed amendment would not assist him in demonstrating that the Attorney General is a proper or necessary party, because (1) "there is no allegation the [Attorney General] intends to bring any enforcement action against Plaintiff" (id. at 12 (citing HealthNow N.Y., Inc. v. New York, 448 F. App'x 79, 81 (2d Cir. 2011))); (2) "the

7

fact that the [Attorney General] has previously brought wage-law-enforcement actions against non-parties under her general authority to enforce the laws of New York does not make her a proper party to this lawsuit" (id. (citing 1st Westco Corp. v. School Dist., 6 F.3d 108, 113 (3d Cir. 1993))); and (3) "[t]o the extent [that Plaintiff] may be asserting that his claims against the [Attorney General] are predicated on her failure to prosecute other defendants in this action, any such claims would be meritless." (Id. at 13 (citing VSF Coal., Inc. v. Scoppetta, 13 A.D.3d 517, 518 (2d Dept. 2004))). As such, Judge Gorenstein concludes that Plaintiff's request to amend as against the Attorney General should be denied based on futility. (Id. at 13 (citing Carr v. New York, 15 Civ. 9012 (LGS), 2016 WL 3636675, at *5 (S.D.N.Y. June 29, 2016)))

Judge Gorenstein also recommends that this Court not grant Plaintiff leave to amend as against CUNY, because he has still not proffered factual allegations stating a claim against CUNY. (Id. at 13-14 (citing Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002)))

Finally, Judge Gorenstein notes "that this is the fourth federal lawsuit [Plaintiff] has filed against state government entities related to his employment with the NYCTA," and that "[e]ach of these lawsuits has been dismissed." (Id. at 14) The pattern of "unsuccessful prior lawsuits further support[s] the conclusion that leave to amend should not be granted." (Id. (citing Hobbs v. Livingston, 20-cv-0515 (CM), 2020 WL 882431, at *3 (S.D.N.Y. Feb. 21, 2020)))

### III. PLAINTIFF'S OBJECTIONS TO THE R&R

On September 7, 2020, Plaintiff filed objections to Judge Gorenstein's R&R. (Obj. (Dkt. No. 143)) Plaintiff's objections are limited to Judge Gorenstein's recommendation that he be denied leave to amend. (Id. at 3-17) Plaintiff suggests he should be given leave to amend because (1) dismissal would be final; (2) he is complaining of a civil rights violation; and

8

(3) he is a pro se plaintiff whose pleadings are entitled to a liberal reading. (Id.) Plaintiff also contends that – although his prior lawsuits were dismissed – they nonetheless had merit. (Id. at 7-12)

In their September 17, 2020 response to Plaintiff's objections, the State Defendants contend that the objections should be overruled and that the R&R should be adopted in its entirety. (Def. Resp. (Dkt. No. 144))

## DISCUSSION

### I.   LEGAL STANDARDS

#### A.   Review of Report and Recommendation

A district court's review of a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

However, "[o]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citation, quotation marks, and alteration omitted). "[T]o the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citation and quotation marks omitted). Although "[t]he objections of parties appearing pro se are generally accorded leniency and

9

should be construed to raise the strongest arguments that they suggest . . .[,] even a pro se party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. at 340 (citations and quotation marks omitted).

For portions of the R&R to which no objection is made, a court's review is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation and quotation marks omitted).

### B.      Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies. This limitation means that when a plaintiff brings suit in federal court, [he] must have standing to pursue the asserted claims." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) (internal citation omitted). To establish standing, a "plaintiff must show . . . he 'suffered an injury-in-fact'. . . ." Carver v. City of N.Y., 621 F.3d 221, 225 (2d Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "If [a] plaintiff[] lacks Article III standing, a court has no subject matter jurisdiction to hear" the plaintiff's claim. Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck–Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  For a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to establish "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  Although a pro se plaintiff's complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted), even a pro se complaint "must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'"  Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (citation omitted).

        **C.**     **Motion to Amend**

District courts "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000), and "leave to amend should be freely granted when 'justice so requires.'"  Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))).

A court may properly deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman, 371 U.S. at 182).  "'Where it appears that granting leave to

amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" Lucente, 310 F.3d at 258 (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)).

"[A] party opposing a motion to amend . . . bears the burden of establishing that an amendment would be futile." Bonsey v. Kates, No. 13 Civ. 2708 (RWS), 2013 WL 4494678, at *8 (S.D.N.Y. Aug. 21, 2013). "Ordinarily, leave to amend may be denied on the basis of futility if the proposed claim would not withstand a Rule 12(b)(6) motion to dismiss." Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014), aff'd sub nom. APEX Employee Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc., 725 F. App'x 4 (2d Cir. 2018).

### D.     *Pro Se* **Pleadings**

A pro se plaintiff's complaint must be construed liberally and interpreted as raising the strongest arguments it suggests. Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (courts "review[ing] . . . the sufficiency of a pro se complaint . . . are constrained to conduct [their] examination with special solicitude, interpreting the complaint to raise the strongest claims that it suggests." (citation, quotation marks, and alterations omitted)); see also Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) ("a court is ordinarily obligated to afford a special solicitude to pro se litigants"). The Second Circuit has cautioned that district courts "'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

## II.     ANALYSIS

### A.     Claims Against the Attorney General

Plaintiff does not object to Judge Gorenstein's recommendation that his claims against the Attorney General be dismissed for failure to state a claim. (Obj. (Dkt. No. 143); see also R&R (Dkt. No. 142) at 9). Accordingly, this recommendation is reviewed for clear error. See Wingate, 2011 WL 5106009, at *1.

As discussed above, the Amended Complaint makes no more than a passing reference to the Attorney General, asserting that she is a "required party in order to challenge New York State Labor Law 190 as unconstitutional under the Equal Protection Clause of the 14th Amendment, Due Process Clause(s) and the Taking Clause of the Fifth Amendment." (Am. Cmplt. (Dkt. No. 38) ¶ 33)

There is no error – let alone clear error – in Judge Gorenstein's finding that this passing and conclusory reference is insufficient to state a claim against the Attorney General. (R&R (Dkt. No. 142) at 6-9) As Judge Gorenstein notes, NYLL § 190 is a definitional statute enforced via NYLL § 196, which "provides that enforcement authority" is granted to the New York State Commissioner of Labor and not to the Attorney General. (Id. at 6 (citing NYLL §§ 196(a) and (c))) Neither case law nor statute requires the Attorney General to be a "party to an action challenging the constitutionality of a New York law for which the [Attorney General] has no particularized enforcement power." (Id. at 6-8 (citing Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth., 795 F.3d 351, 359 (2d Cir. 2015) ("State (and federal) statutes are frequently challenged as unconstitutional without the state (or federal) government as a named party.")); see also 28 U.S.C. § 2403(b); N.Y. C.P.L.R. § 102(b)) And as Judge Gorenstein points out, "[t]he [Attorney General's] motion to dismiss demonstrates that she does not wish to be a

13

part of this action." (R&R (Dkt. No. 142) at 8 (citing Wallach v. Lieberman, 366 F.2d 254, 257 (2d Cir. 1966)))

Because the Amended Complaint pleads no viable claim against the Attorney General, this Court will adopt Judge Gorenstein's recommendation that Plaintiff's claims against the Attorney General be dismissed.

### B. Claims Against CUNY

Plaintiff does not object to Judge Gorenstein's recommendation that his claims against CUNY be dismissed for lack of subject matter jurisdiction. (Obj. (Dkt. No. 143); see also R&R (Dkt. No. 142) at 10) Accordingly, Judge Gorenstein's recommendation will be reviewed for clear error. See Wingate, 2011 WL 5106009, at *1.

As discussed above, the Amended Complaint makes only one reference to CUNY, and that reference is in the context of an individual who is allegedly a CUNY employee. (Am. Cmplt. (Dkt. No. 38) ¶ 33) Plaintiff alleges that "Mr. Camire," the alleged CUNY employee, is "committing his specialty of Medical Malpractice/Defamation (for 'friends only?) on innocent CUNY students." (Id.) At best, Plaintiff alleges harm to CUNY students and not to himself. Because Plaintiff has not alleged that CUNY caused him injury, he has not demonstrated standing. As a result, this Court lacks subject matter jurisdiction over his claims against CUNY. See Carver, 621 F.3d at 225; see also Valley Forge Christian Coll., 454 U.S. at 474 ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (citation and quotation marks omitted)). Accordingly, Plaintiff's claims against CUNY will be dismissed pursuant to Rule 12(b)(1).

### C. Plaintiff's Request for Leave to Amend

In his opposition, Plaintiff seeks leave to file a second amended complaint. (Pltf. Opp. (Dkt. No. 138) at 8-11, 13-16) Judge Gorenstein recommends that this request be denied. R&R (Dkt. No. 142) at 10-15) Plaintiff objects to this recommendation. (See Obj. (Dkt. No 143)) In his objections, Plaintiff reiterates arguments he made to Judge Gorenstein about why he should be permitted to add two new defendants to this case.[4] (Compare Obj. (Dkt. No. 143) with Pltf. Opp. (Dkt. No. 138)) Accordingly, this Court reviews the R&R for clear error. See DiPilato, 662 F. Supp. 2d. at 339-40.

The Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco, 222 F.3d at 112 (citation and quotation marks omitted). "'Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.'" Lucente, 310 F.3d at 258 (quoting Ruffolo, 987 F.2d at 131); see also Ruotolo, 514 F.3d at 191. Futility of an amendment is an appropriate basis for denying leave, and an amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente, 310 F.3d at 258.

As Judge Gorenstein finds, there is no reason to believe that permitting further amendment would yield a viable claim against either of the State Defendants. (R&R (Dkt. No. 142) at 10-15) "Even under the most liberal reading of the facts, [Plaintiff's] allegations cannot be cured by amendment." Carr, 2016 WL 3636675, at *5. And, as Judge Gorenstein notes,

---

[4] As discussed above, Plaintiff asserts that his previously dismissed cases had merit. (Obj. (Dkt. No. 143) at 7-10) He also suggests that the Court could sua sponte substitute the New York State Department of Labor "as a more rational party than the AG." (Id. at 13) Neither argument justifies permitting further amendment.

15

Plaintiff's well-established pattern of filing meritless lawsuits suggests that granting him leave to amend would be futile.  (See R&R (Dkt. No. 142) at 14)  Finally, in connection with Plaintiff's claims against other defendants in the instant case, this Court has denied leave to file a second amended complaint, observing that "[Plaintiff's] papers evince a pattern of repeating arguments that have already been rejected by this Court."  (Order (Dkt. No. 129) at 18)

Here, Plaintiff has offered nothing to suggest that he is capable of pleading valid claims against the State Defendants.  See Lucente, 310 F.3d at 258.

Accordingly, the R&R's recommendation to deny leave to amend will be adopted.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety.  The motion to dismiss filed by the New York Attorney General and CUNY is granted.  Plaintiff's request for leave to file a second amended complaint is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 136).

This Court certifies that under 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of an appeal.

A copy of this order will be mailed by Chambers to the pro se Plaintiff.

Dated: New York, New York
       November 6, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

16